**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**CHRISTOPHER BARTON, Defendant**

Criminal No. F29/2003

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

May 11, 2004

Denise George-Counts, Esquire, Assistant Attorney General, Department of Justice, St. Thomas, Virgin Islands, *Attorney for Plaintiff.*

Jesse M. Bethel, Esquire, Office of the Territorial Public Defender, St. Thomas, Virgin Islands, *Attorney for Defendant.*

Kendall, *Judge*

## MEMORANDUM OPINION

### (May 11, 2004)

THIS MATTER is before the Court on the Government's "Motion *In Limine.*" The Defendant has orally informed the Court that it has no opposition to the Motion. Based upon the reasons set forth below, the Government's Motion is denied.

### FACTS

On November 26, 2003, the Government filed its "Second Amended Information" charging the Defendant with three (3) Counts of Fraudulent Claims against the Government under Title 14 V.I.C. § 843(2). Prior to trial, on December 23, 2003, the Government filed a "Motion *In Limine*" asking the Court to make a determination as to the materiality of the facts, which the Government alleges the Defendant willfully concealed from the Court.

### DISCUSSION

The question before the Court is whether the issue of materiality in a prosecution under 14 V.I.C. § 843(2) is an issue of law or an issue of fact to be determined by the jury. Title 14 V.I.C. § 843(2) provides that whoever "knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; in any matter within the jurisdiction of any officer, department, board, commission, or other agency of the government of the Virgin Islands, shall be fined not more than $500 or imprisoned not more than two years, or both." The Government posits that the alleged concealed facts are material and should be legally determined by the Court. The Government bases its rationale on *Government of the Virgin Islands v. Lee*, 775 F.2d 514 (3d Cir. 1985). The Court in *Lee* held that the materiality element in Title 14 V.I.C. § 843(2) governing falsification or concealment was a question of law to be determined by the Court and not the jury. *Lee, infra,* at 525. The *Lee* Court also stated that its determination that materiality was a question of law was largely influenced by its decision in *United States v. Greber*, 760 F.2d 68 (3d Cir. 1985) in which it stated:

> In *Greber,* the Defendant was convicted under 18 U.S.C. § 1001 for making false statements to a government agency. 18 U.S.C. § 1001,

which in relevant part, is identical to 14 V.I.C. § 843(2), provides criminal penalties for any individual who "knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact. ..." In *Greber,* we held that the materiality determination required by 18 U.S.C. § 1001 was a question of law. Since 18 U.S.C. § 1001 and 14 V.I.C. § 843 are virtually identical statutes, we conclude that the materiality element in 14 V.I.C. § 843 is a question of law to be answered by the court and not by the jury.[1]

Consequently, *Lee* established that materiality, as an essential element of Title 14 V.I.C. § 843(2), was a question of law for the Court to decide.

## I. Applicable Standard

Until recently, the materiality element had generally been considered a question of law to be decided by the Court. At the time of *Lee* and *Greber,* the controlling Third Circuit precedent dictated that materiality in an 18 U.S.C. § 1001 case was a question of law for the Court. However, the U.S. Supreme Court has since ruled that materiality is an issue to be determined by the jury. Specifically, in *United States v. Gaudin,* 515 U.S. 506, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995), the U.S. Supreme Court held that the materiality of a false statement was an essential element of an offense under 18 U.S.C. § 1001 and therefore, the issue must be presented to and decided by a jury beyond a reasonable doubt. *Gaudin, infra,* at 509-510. In *Gaudin,* the Supreme Court recognized that the Fifth and Sixth Amendments of the U.S. Constitution required criminal convictions to rest upon a jury determination that the Defendant is guilty of every element of the crime with which he is charged. *Id. Gaudin* did not change what the Government must prove. Materiality was always an element of 18 U.S.C. § 1001 and also an essential element of Title 14 V.I.C. § 843. Instead, *Gaudin* changed the party to whom the Government must prove materiality—from Judge to jury. In short, *Gaudin* altered the existing practice among the Circuits of permitting the Judge to determine materiality.

 Consequently the rule stemming from this case is: if materiality is an element of the offense, that element must be submitted to the jury, and the jury must find materiality beyond a reasonable doubt to convict. As

---

[1] *Lee, infra,* at 525 n.13.

the Supreme Court instructed in *Gaudin,* "the Constitution gives a criminal [D]efendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; [Defendant] therefore had a right to have the jury decide materiality." *Id.* at 511. The Supreme Court's unanimous opinion in *Gaudin* appears to mandate that the issue of materiality in Title 14 V.I.C. § 843 cases be submitted to the jury.

## II. Test for Materiality

■■ *Gaudin* defined a material statement under 18 U.S.C. § 1001 as having "a natural tendency to influence, or capable of influencing, the decision of the decision making body to which it was addressed." *Gaudin, infra,* at 509 (citing *Kungys v. United States,* 485 U.S. 759, 770, 108 S. Ct. 1537, 1546, 99 L. Ed. 2d 839 (1988). To establish materiality as an element, it is sufficient that the statement have the capacity or a natural tendency to influence the determination required to be made. *See Kungys, infra,* at 770. Chief Justice Rehnquist also noted a key point: "The Government has conceded that ... 'materiality' is an element of the offense that the Government must prove in order to sustain a conviction." *Gaudin, infra,* at 523 (Rehnquist, C.J., concurring). Similarly, the Government of the Virgin Islands in the instant proceeding concedes in its Motion that "materiality" is an element of the offense with which the Defendant is charged. Government's Motion *In Limine* at 1. Thus because materiality is an essential element of Title 14 V.I.C. § 843, it would be a Constitutional violation and reversible error for the Court to refuse to submit this issue to the jury. *Gaudin, infra,* at 523.

## CONCLUSION

Based upon the foregoing, the Court finds that the jury must decide the materiality of misrepresentations in a prosecution under Title 14 V.I.C. § 843(2). Accordingly, the Government's "Motion *In Limine*" is DENIED.